U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 5 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT CHARLES MORRIS, | § | |
| Applicant, | § | |
| VS. | § | NO. 4:08-CV-148-A |
| NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Robert Charles Morris ("Morris") is applicant and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On January 21, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered that Morris file objections, if any thereto, by February 11, 2009. Morris timely filed his objections.

I.

### Standard of Review

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the

---

[1] Applicant refers to his application as "petition" and to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2254, the court uses the terms "applicant" and "application" instead of "petitioner" and "petition."

Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

## II.

### Objections

A.  <u>Presumption of Correctness</u>

First, Morris objects to the magistrate judge's presumption that the Texas Court of Criminal Appeals's denial of his state habeas application without written opinion (hereinafter, "TCCA denial") was a denial on the merits. Morris argues that, because the state habeas court made no findings of fact or conclusions of law, the TCCA denial cannot be said to have been an adjudication on the merits. The Fifth Circuit has made clear, however, that:

> Because we review only the reasonableness of a state court's ultimate decision, the [Antiterrorism and Effective Death Penalty Act] inquiry is not altered when, as in this case, state habeas relief is denied without a written opinion. In this situation, we assume that the state court applied the proper clearly established Federal law, and then determine whether its decision was contrary to or an objectively unreasonable application of that law.

<u>Miller v. Dretke</u>, 420 F.3d 356, 360 (5th Cir. 2005) (quotation marks omitted).[2] Thus, Morris's objection is without merit.

---

[2] The court does not imply factual findings from the TCCA denial because Morris's case is not a situation where "the factual basis for the [state court's] ruling was extremely clear based on the ruling's limited nature." See <u>Goodwin v. Johnson</u>, 132 F.3d 162, 185 n.16 (5th Cir. 1998).

B.  **Ineffective Assistance of Counsel Based on a Motion to Suppress**

Morris objects to the magistrate judge's failure to address certain claims presented in his application.[3] Morris argues that his counsel's performance was constitutionally deficient so as to render his guilty plea unknowing and involuntary. Primarily, Morris contends that, had his counsel, Jim Ashby ("Ashby"), informed him that there was a viable motion to suppress the evidence against him, he would not have pleaded guilty. Further, Morris objects to the magistrate judge's finding that an evidentiary hearing is not warranted.

The court evaluates whether Morris's allegations, if proven, would establish a right to habeas relief. See Brown v. Johnson, 224 F.3d 461 (5th Cir. 2000) (quotation marks omitted). Because Morris entered a guilty plea, all other non-jurisdictional defects are waived. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). This waiver includes all claims of ineffective assistance of counsel, except insofar as such claims relate to the voluntary nature of his guilty plea. Id.

---

[3] These claims include the allegations that (1) he received ineffective assistance of counsel from Jim Ashby, his trial counsel, (2) his conviction was obtained in violation of his privilege against self-incrimination, (3) his conviction was obtained by use of a coerced confession, (4) his conviction was obtained by evidence from a custodial interrogation, (5) his conviction was obtained by the use of evidence from unlawful police actions, and (6) he was denied access to the courts because the jail did not provide him with legal help and the trial court ignored his complaints about his counsel. While Morris passingly mentions claim (6), his objection clearly revolves around the magistrate judge's failure to consider his ineffective assistance of counsel claim, based on the argument that counsel should have filed, or informed him of the viability of, a motion to suppress evidence. Accordingly, the court does not review ground six, as it is raised only in a nonspecific and conclusory objection. See Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

3

To prevail on his ineffective assistance of counsel claim, Morris must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the [applicant] makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

"[I]f the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice." United States v. Cavitt, 550 F.3d 430, 440 (5th Cir. 2008). Thus, to determine whether Morris was able to make "an informed an conscious choice to plead guilty," the court considers whether his counsel was "familiar with the relevant facts and law" of Morris's situation. Id. at 441 (brackets omitted). "[W]here the alleged error of counsel is a failure to investigate . . . the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that [an investigation] would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The court evaluates Morris's other claims only insofar as they are "inextricably intertwined with [his] claim that his counsel rendered ineffective assistance in

4

respect to failing to pursue a motion to suppress and in failing to advise him properly regarding the viability of such a claim in connection with pleading guilty." Cavitt, 550 F.3d at 435.

1. Viability of a Motion to Supress

Morris seemingly asserts that, had Ashby investigated the relevant facts and law of Morris's situation, he would have discovered that the State's evidence could have been suppressed on the basis of the following two theories. The court analyzes the probable success of each theory herein.

First, Morris asserts that his polygraph examination and subsequent interview ("polygraph interview") by federal agents was in violation of his Fourth and Fifth Amendment rights and thus, the fruits of such interview, namely, his statement taken by the Mineral Wells Police Department ("MWPD"), and the victim's statement, would have been suppressed pursuant to the "fruits of the poisonous tree" doctrine. Even assuming that the information obtained from the polygraph interview would have been subject to a motion to suppress, there is no reasonable probability that the polygraph interview would have affected the admissibility of either Morris's MWPD statement or the victim's statement. See Oregon v. Elstad, 470 U.S. 298, 310 (1985); see also Missouri v. Seibert, 542 U.S. 600, 622 (2004) (Kennedy, J., concurring); United States v. Courtney, 463 F.3d 333, 338 (5th Cir. 2006). Thus, Morris's counsel was not ineffective for not filing a motion on the basis of this theory. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990).

5

Morris also contends that the circumstances surrounding his statement to the MWPD violated his constitutional rights, and thus his MWPD statement, along with the victim's statement, should have been suppressed under the "fruits of the poisonous tree" doctrine.

Morris argues that he was seized by the MWPD, rendering his subsequent interview a custodial interrogation.[4] Aside from his allegation that the police officer blocked the exit, Morris has alleged nothing to show that his subjective conclusion that he was not free to leave was objectively reasonable, or that the trial court otherwise would have believed that his encounter with the MWPD placed him in custody.[5] See United States v. Mendenhall, 446 U.S. 544, 554 (1980); Dancy v. State, 728 S.W.2d 772, 778 (Tex. Crim. App. 1987).

Additionally, Morris argues that, even if his statement was not the result of a custodial interrogation, the statement was an involuntary statement in violation of his Fifth Amendment rights.[6] There is a reasonable probability that, had Ashby filed

---

[4]Morris also passively mentions that he was subject to an illegal arrest, but does not advance this argument more than a conclusory allegation.

[5]While the court recognizes that the Fifth Circuit emphasized in United States v. Berry, 670 F.2d 583, 597 (5th Cir. Unit B 1982), that "blocking an individual's path or otherwise intercepting him to prevent his progress in any way is a consideration of great, and probably decisive, significance" in determining whether a suspect has been seized, the court is satisfied that such decisive significance was warranted in Berry primarily because, in the context of an airport stop, "the very nature of such stops may render them intimidating." Because being in a public city building does not carry with it the same anxieties as air travel, the court finds Berry distinguishable.

[6]Morris equates his situation to that presented in Missouri v. Seibert, 542 U.S. 600 (2004), and Jones v. State, 119 S.W.3d 766 (Tex. Crim. App. 2003). Because Morris was not in custody when he

6

a motion to suppress Morris's statement, and Morris was able to prove the facts he alleges, his statement would have been suppressed. See Sossamon v. State, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991), abrogated on other grounds by Graham v. State, 994 S.W.2d 651 (Tex. Crim. App. 1999); Penry v. State, 903 S.W.2d 715, 748 (Tex. Crim. App. 1995); see also Streetman v. Lynaugh, 812 F.2d 950 (5th Cir. 1987). Similarly, Morris's allegations, if proven, would have likely resulted in the exclusion of the victim's statement. See Wong Sun v. United States, 371 U.S. 471, 484 (1963); Sossamon, 816 S.W.2d at 344-49. Because, taking Morris's allegations as true, the court cannot conclude that Morris received effective assistance of counsel so as to render his guilty plea knowing and voluntary, he is entitled to some form of evidentiary hearing. See Brown v. Johnson, 224 F.3d at 466.

2. The Court's Determination in Light of Materials Submitted

In order to accord "careful consideration and plenary processing of [Morris's] claim, including full opportunity for presentation of the relevant facts," the court has expanded the record "to gather sufficient to adjudicate [Morris's] claim fully and fairly."[7] Id. at 467, 469. Because the court has affidavits

---

first spoke with the officer, however, his situation is markedly distinguishable.

[7] After reviewing Morris's claim that his counsel was ineffective for failing to file, and inform him of the viability of, a motion to suppress, the court ordered respondent to provide the court with additional materials on the issue. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; Brown v. Johnson, 224 F.3d 461, 467 (5th Cir. 2000). The court also provided Morris an opportunity to respond to respondent's filings if he felt that his memorandum, reply,

from Morris, Ashby, and the MWPD police officer who took Morris's statement, and because the parties have also submitted other exhibits in support of their affidavits, any additional live hearing would "not develop material facts relevant to the constitutionality of his conviction." Young v. Herring, 938 F.2d 543, 560 n.12 (5th Cir. 1991) (on remand); see McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998).

After reviewing the materials submitted by the parties pursuant to the court's order, the court has determined that Morris's claims regarding the circumstances of his MWPD statement are unfounded. Of particular significance to the court is that Morris's letter, while outlining seemingly every discrepancy in the State's discovery materials, never mentions that the MWPD officer coerced him into making a statement, promised him that his statement could be used against him, or did anything to violate Morris's constitutional rights. The court also finds significant that the Waiver of Rights form and the Waiver of Rights Voluntary Statement form, both of which Morris signed under penalty of perjury, clearly explain that any statement Morris made could be used against him, and in no way was required of him.

In light of all of the materials now in the record, the court concludes that Morris has failed to show that Ashby's failure to investigate further was objectively unreasonable, that

---

objections, and previously submitted exhibits did not adequately address the issues raised by respondent's response.

Morris was prejudiced in any way by Ashby's representation, or that his guilty plea represented anything less than an informed choice.

C. <u>Unknowing Guilty Plea Because of Lack of Communication</u>

Morris separately objects to the magistrate judge's finding that his lack of communication, outside of the context of a motion to suppress, rendered Morris's plea unknowing and involuntary. In support, Morris argues that Ashby (1) did not inform him that he was waiving his rights, (2) told him he had to sign the plea agreement or it would be "taken off of the table," (3) left the room while Morris was signing the plea documents, and (4) told him to say yes to everything the judge asked him.[8] Aside from the issues raised in Section II.B., Morris does not allege that, but for counsel's actions, he would not have pleaded guilty and instead would have gone to trial. See Bond v. Dretke, 384 F.3d 166, 167-68 (5th Cir. 2004). Accordingly, this objection is without merit.

D. <u>Injunction/Restraining Order for Confiscated Legal Materials</u>

Finally, Morris objects to the magistrate judge's finding that granting his motion for an injunction and restraining order for the return of legal materials would be inappropriate. Both parties now agree that Morris's legal materials have been returned to him, so the underlying problem forming the basis of

---

[8] The plea memorandum clearly states, under a heading in bold, underlined, and capital letters, **"WAIVER OF RIGHTS,"** that Morris, in signing the plea, agreed to waive all rights secured by law. Further, the plea memorandum states that Morris was agreeing that he understood everything in the memorandum. Morris does not allege that he was unable to read or understand the materials himself.

Morris's objection is now moot.[9]

### III.

### Conclusion

For all the reasons discussed herein, the court accepts the findings and conclusions of the magistrate judge as to all issues except those discussed in Section II.B. of this memorandum opinion and order, and accepts the recommendation of the magistrate judge for the reasons stated herein. Therefore,

The court ORDERS that the application of Robert Charles Morris for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

SIGNED May 5, 2009.

JOHN McBRYDE
United States District Judge

---

[9] In his reply to respondent, Morris asks the court for a variety of forms of relief that he did not seek in his motion for an injunction and restraining order and subsequent motion for the return of legal materials. Because Morris has already had his legal materials returned to him, the actual controversy raised by his motions is moot, and the court declines to grant any further relief in this action.